Flambeau Plastics Corporation v. Commissioner.
Flambeau Plastics Corp. v. Commissioner
Docket No. 86811.
United States Tax Court
T.C. Memo 1963-29; 1963 Tax Ct. Memo LEXIS 318; 22 T.C.M. (CCH) 112; T.C.M. (RIA) 63029; January 30, 1963
James Urdan, Esq., and Richard R. Teschner, Esq., for the petitioner. Rex A. Guest, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined deficiencies in the income tax of petitioner for the taxable year ended December 31, 1956, in the amount of $7,199.24, for the period ended June 30, 1957, in the amount of $2,724.84, and the fiscal year ended June 30, 1958, in the amount of $17,635.98. An issue raised by the pleadings has been waived by petitioner. The sole issue remaining is whether certain monthly payments made by petitioner under the terms of a written instrument designated a lease constitute allowable *319 deductions as rentals. Findings of Fact The facts which have been stipulated are found. Petitioner is a Wisconsin corporation with its principal offices located at Baraboo, Wisconsin. Ever since its incorporation on April 20, 1949, petitioner has been actively engaged in the business of manufacturing plastic products. The Federal income tax returns of petitioner for the taxable years and period here involved were filed with the district director at Milwaukee, Wisconsin. Petitioner (hereinafter sometimes referred to as Plastics), for all years or periods at issue, kept its books of account and reported its taxable income on an accrual basis of accounting. Flambeau Industrial Realty Corporation (hereinafter referred to as Realty) is also a Wisconsin corporation, organized May 21, 1956, which has, during the years or period here involved, been engaged in the business of ownership and rental of real property with its principal office at Baraboo, Wisconsin. Baraboo Industrial Expansion Company, Inc. (hereinafter referred to as Expansion), is a community venture designed to bring and promote industrial development to Baraboo, Wisconsin, and to help construct buildings for industry. *320 Close to 500 people, primarily residents of the Baraboo area, are interested in the organization. None of the officers or directors of Expansion were in any way affiliated with the petitioner or Realty. The officers and holders of the controlling stock interest in petitioner and Realty were the same individuals. As of June 10, 1957, Plastics, Realty, and Expansion entered into an agreement which provided: (a) Expansion would sell to Realty pursuant to a land contract certain real estate in the city of Baraboo. (b) Expansion would contract for and construct a building and improvements on such real estate according to planned specifications and contractors chosen and approved by Plastics, the proposed lessee of such real estate. (c) Realty would lease such building and land to Plastics under a lease to run concurrently with the land contract. (d) Expansion agreed to arrange financing for the construction. (e) Plastics agreed unconditionally to guarantee performance by Realty under the agreement. (f) To facilitate the anticipated financing, Plastics agreed to encumber its present plant if so required. As of October 25, 1957, Expansion and Realty entered into the land *321 contract contemplated by the agreement of June 10, 1957. By instrument, dated October 25, 1957, Realty, as lessor, entered into a lease with petitioner, as lessee, covering the same land and building to be constructed thereon as encompassed in the aforesaid land contract. Said lease contained the following: THIS LEASE, made this 25th day of Oct., 1957, by and between FLAMBEAU INDUSTRIAL REALTY CORPORATION, a Wisconsin corporation, Baraboo, Wisconsin, hereinafter called "LESSOR", and FLAMBEAU PLASTICS CORPORATION, a Wisconsin corporation, Baraboo, Wisconsin, hereinafter called "LESSEE", WITNESSETH: THAT LESSOR has leased and by these presents does grant, demise and lease unto LESSEE the following described premises: * * * [Here follows legal description.] TOGETHER with the one-story building to be erected on said premises and together with rights, easements and the appurtenances to the same belonging or usually held and enjoyed therewith. TO HAVE AND TO HOLD the same for the term of fifteen (15) years to begin on the same day as the date of a certain land contract entered into by and between LESSOR and BARABOO INDUSTRIAL EXPANSION COMPANY, INC., Baraboo, Wisconsin, whereby *322 LESSOR agrees to buy and said BARABOO INDUSTRIAL EXPANSION COMPANY agrees to sell the above described property, said land contract and this lease to run concurrently. A copy of such land contract is attached hereto and made a part hereof and identified as Exhibit "A". YIELDING AND PAYING THEREFOR during said term of fifteen (15) years, an annual fixed rental of thirty-three thousand six hundred dollars ($33,600.00) fractions of a year in proporation, said rental to be payable in monthly installments of two thousand eight hundred dollars ($2,800.00) each in advance on the first day of each month at such place as LESSOR shall in writing designate. IN CONSIDERATION of the mutual covenants and agreements herein contained, it is agreed by and between the LESSOR and LESSEE as follows: * * *
11. LESSOR shall have the right, at any time and from time to time, to mortgage the demised premises and the improvements thereon and to make this lease and all rights of LESSEE hereunder subject and subordinate to any such mortgage, by providing therein for such subordination. LESSOR shall also have the right to assign this lease and its rights hereunder to secure its obligations under the *323 land contract attached hereto and marked Exhibit "A". Any such assignment or subordination shall provide that so long as LESSEE performs and complies with all of the covenants, agreements, terms and conditions contained in this lease on its part to be performed or complied with, no holder of any such assignment or mortgage shall be entitled to name LESSEE as a party defendant in any foreclosure suit or in any other manner to disturb LESSEE'S possession of the demised premises or LESSEE'S rights under this lease. LESSEE will execute and deliver without cost to LESSOR any certificate or other instrument LESSOR may request further to effect or evidence the aforesaid subordination of this lease to any such assignment or mortgage. * * *
IN WITNESS WHEREOF, the parties hereto have caused this lease to be executed in their respective corporate names by their respective officers thereunto duly authorized, and their respective corporate seals to be hereunto duly affixed, as of the date first hereinbefore mentioned. As further security for the payments due Expansion under the land contract, Realty assigned to Expansion the lease between Realty and Plastics. October 25, 1957, was the *324 effective date of the land contract and lease. Pursuant to the lease of October 25, 1957, the petitioner made monthly rental payments to the lessor, which amounts were paid to the lessor when due under the lease and which aggregated $25,200 for the petitioner's fiscal year ended June 30, 1958. The rental payments in the total amount of $25,200 were claimed by petitioner as a deduction for rent on its income tax return for the fiscal year ended June 30, 1958, and, of such amount, $22,400 was disallowed by respondent as a deduction except for $130.23 allowed as amortization. The funds received by Expansion under the land contract were utilized to pay contractors during the construction period and sufficient financing was not available during that period without the use of such funds. In agreeing to the rental starting date of October 25, 1957, petitioner recognized that this timing was necessary to facilitate the construction project. Petitioner's representative visited the site of construction daily. The construction plans were drawn to petitioner's specifications by an architect chosen by petitioner. Each phase of construction as it was completed had to be approved by petitioner's *325 representative. During the third and fourth week of April 1958, petitioner began to store raw materials in certain available warehouse space in the new building and in the middle of May the tooling department took occupancy of its portion of the building. The new building was substantially completed on or about June 1, 1958, at which time petitioner physically moved its manufacturing operations to the new building. Ultimate Finding The sum of $25,200 paid by petitioner under its lease with Realty for the fiscal year ended June 30, 1958, represented rentals required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which petitioner had not taken and was not taking title and in which petitioner had no equity. Opinion Respondent takes the position that the designation of the monthly payments by petitioner to Realty as rents is a mere label and does not represent the true character of such payments; that petitioner has failed to sustain its burden of showing possession or use of the property during the period of the lease. Petitioner contends, on the other hand, that it had use of the property beginning with the *326 start of construction of the building and that it certainly had possession thereof within the meaning of those terms as used in section 162(a)(3), [1] Internal Revenue Code of 1954, and that the term rents or rentals as used in the lease and its income tax return are not more labels, but represent the fact of the situation. We think petitioner's position is sound. The instrument which governs the relationship between petitioner and Realty is in all respects a lease. Its term is fixed and it provides a means of computation of an amount which is to be paid by petitioner to Realty, the payment *327 of which, by its terms, being clearly required for the continued use and possession of the premises covered thereby by petitioner. Respondent's contention that petitioner's undoubted and actually exercised control over the construction of the building, its entry upon the involved property for that purpose, and its use of parts of the building as those parts were completed for storage of raw materials and equipment do not constitute both possession and use within the meaning of the statute is untenable. To hold otherwise, would be to say that a taxpayer who acquires a right to eventually use land by virtue of a lease arrangement must use it in the course of the carrying on of a trade or business before he may be said to have the use thereof under the statute. The words of section 162(a)(3) are broader in their scope. The phrase "for purposes of the trade or business" of the taxpayer evidences a clear congressional intent that such use or possession need not be limited to the carrying on of a trade or business, but falls within the statutory intendment if the use or possession is for the purposes thereof. Certainly petitioner was using the premises within the statutory meaning immediately *328 it began to oversee and supervise the construction of the building which construction clearly had no other purpose than to house the petitioner's business. It had a clear right under the lease to oust anyone (other than those engaged in construction of the building) including Realty, the lessor. We find it also had statutory possession upon the execution of the lease. Respondent contends, however, that regardless of the use or possession of the leased premises by petitioner, the amount it paid was not rental even though so labeled. We do not understand respondent to contend that, should we find petitioner had the required use or possession, all of the amounts paid for such use and possession were other than rentals. His most strongly advanced argument is based upon the disparity between the $6,570 cost of the land and the $2,800 monthly rental. We take it from this that, assuming use or possession, some amount he agrees would properly be rent. We think the entire amounts paid during the periods at issue were deductible rentals. Respondent uses the wrong cost figure in his argument for the $6,570 figure is the cost of the vacant land to Expansion. A proper approach must be based upon *329 the cost of the land plus the cost of construction of the building contemplated by the land contract and the lease which we find from the record aggregated approximately $250,000. When so viewed, the amounts paid by petitioner as monthly rentals and deducted as such on its income tax return appear to be rent paid for the continued possession or use of the involved premises and we so hold. Decision will be entered under Rule 50. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.↩